## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 4:15-cv-00465 |
| | ) | |
| AG GLOBAL PRODUCTS, LLC d/b/a/ | ) | |
| FHI HEAT, LLC and SHAUKY | ) | |
| GULAMANI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS AG GLOBAL PRODUCTS, LLC AND SHAUKY GULAMANI'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS

In accordance with Rule 54(d)(2) of the Federal Rules of Civil Procedure,

Defendants AG Global Products, LLC ("AG Global") and Shauky Gulamani

("Gulamani") files this, its Renewed Motion for Attorney's Fees and Costs, against

Plaintiff Farouk Systems, Inc. ("Plaintiff").

This Motion also follows two meet and confer conferences between counsel for the

Parties relating the relief sought herein. See Declaration of Matthew Seror ("Seror

Decl.).

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

# <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.    NATURE AND STAGE OF PROCEEDINGS ............................................... 1

II.   STATEMENT OF ISSUES .......................................................................... 1

III.  SUMMARY OF ARGUMENT ..................................................................... 2

IV.  FACTUAL BACKGROUND ........................................................................ 3

V.   LEGAL STANDARD ................................................................................... 4

      A.    STANDARD FOR AWARDING ATTORNEY'S FEES AND
            COSTS  UNDER THE COPYRIGHT ACT ......................................... 5

      B.    STANDARD FOR AWARDING ATTORNEY'S FEES AND
            COSTS  UNDER THE LANHAM ACT ............................................. 6

VI.  ARGUMENT .................................................................................................. 7

      A.    DEFENDANTS SHOULD BE AWARDED THEIR FEES
            AND COSTS IN DEFENDING THE COPYRIGHT
            INFRINGEMENT CLAIMS UNDER THE COPYRIGHT
            ACT ..................................................................................................... 7

            1.    Plaintiff's Copyright Infringement Claims Were
                  Frivolous .................................................................................. 7

            2.    Plaintiff's Had Improper Motives in Bringing its
                  Copyright Infringement Claims ................................................. 8

            3.    The Positions Taken by Plaintiff on its Copyright
                  Claims Were Objectively Unreasonable ..................................... 9

            4.    An Award of Fees Advances the Interests of Deterrence
                  and Compensation ................................................................... 10

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

BN 21491839v1

# TABLE OF CONTENTS (cont.)

**PAGE**

B.    THE AWARD OF ATTORNEY'S FEES AND COSTS
      UNDER LANHAM ACT ................................................................. 11

      1.    Plaintiff Brought the Action in Bad Faith and For an
            Improper Purpose ...................................................... 11

            i.    No Instances of Confusion ............................................ 12

            ii.   Plaintiff's Communications with BSG Regarding
                  Defendants is Also Indicative of Bad Faith .................. 14

            iii.  Confrontation Between Farouk Shame and
                  Gulamani ...................................................................... 14

      2.    Plaintiff's Trade Dress Infringement Claim Lacked All
            Merit and Substance ................................................. 15

C.    COST BILL ......................................................................... 16

      1.    Costs of Deposition Transcripts ................................. 17

      2.    Copies ......................................................................... 18

VII.   CONCLUSION ............................................................................ 18

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Baker v. Urban Outfitters, Inc.*
   431 F.Supp. 2d 351 (S.D.N.Y. 2006)
   aff'd, 249 Fed.App'x 845 (2d Cir. 2007) ............................................... 9

*Cheatham v. Allstate Ins. Co.,*
   465 F.3d 578 (5th Cir. 2006) ................................................................ 16

*Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.,*
   122 F.3d 1211 (9th Cir. 1997) .............................................................. 9

*Fogerty v. Fantasy, Inc.*
   510 U.S. 517 (1994) ...................................................................... 5, 7, 10

*Hogan Systems, Inc. v. Cybersource Int'l, Inc.,*
   158 F.3d 319 (5th Cir. 1998) ................................................................ 5

*Kirtsaeng v. John Wiley & Sons, Inc.,*
   579 U.S. __ (2016) ................................................................................ 6

*Lieb v. Topstone Indus. Inc.,*
   788 F.2d 151 (3d Cir. 1986) ............................................................ 5, 6

*McGaughey v. Twentieth Century Fox Film Corp.,*
   12 F.3d 62 (5th Cir. 1994) .................................................................... 5

*Procter & Gamble Co. v. Amway Corp.,*
   280 F.3d 519 (5th Cir. 2002) .......................................................... 7, 11

*Spear Mktg. v. BancorpSouth Bank,*
   2016 U.S. Dist. LEXIS 5078 ................................................................ 9

## <u>TABLE OF AUTHORITIES</u>

**<u>PAGE</u>**

**Statutes**

15 U.S.C. § 505 ................................................................................ 1, 2, 5

17 U.S.C. § 1117(a) ........................................................................... *passim*

**Other Authorities**

W. Strauss, Damage Provisions of the Copyright Law, Study No. 31
    (H. Judiciary Comm. Print 1960) ......................................................... 10

**Rules**

Federal Rule of Civil Procedure 54(d) ............................................. 1, 4, 16

Federal Rule of Civil Procedure 54(d)(2) .......................................... 1, 4

## I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this action on February 19, 2015 alleging claims for trade dress infringement, breach of contract and copyright infringement.  Plaintiff filed a first amended complaint on April 23, 2015.  On February 17, 2016 Defendants moved for summary judgment on all claims asserted by Plaintiff.  This Court granted that motion on April 5, 2016, and entered judgment in favor of Defendants the same day.  Defendants timely filed a motion for the recovery of their attorney's fees and costs incurred in this action pursuant to Federal Rule of Civil Procedure 54(d)(2); 15 U.S.C. § 505; and 17 U.S.C. § 1117(a).  On May 4, 2016, Plaintiff filed a Notice of Appeal.  On July 14, 2016 the Court of Appeal dismissed Plaintiff's appeal following Plaintiff's motion to dismiss.

## II.   STATEMENT OF ISSUES

(1)     Whether Defendants are entitled to recover the attorney's fees and costs incurred in defending against, and ultimately prevailing on, Plaintiff's copyright infringement claims;

(2)     Whether Defendants are entitled to recover the attorney's fees and costs incurred in defending against, and ultimately prevailing on, Plaintiff's trade dress infringement claim.

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

1

### III.   <u>SUMMARY OF ARGUMENT</u>

Defendants are entitled to recover the attorney's fees and costs they have incurred in defending against the groundless and unsupported claims brought by Plaintiff.  The claims asserted by Plaintiff lacked all merit and Plaintiff's prosecution of the claims against Defendants was undertaken in bad faith and for an improper purpose, i.e. to disrupt the business operations of a competitor and force the incursion of hundreds of thousands of dollars in legal fees and costs.  It is also apparent that this meritless action was filed in pursuit of a personal vendetta against Defendant Gulamani, the former President of Plaintiff.

Pursuant to 15 U.S.C. § 505 and applicable Fifth Circuit authority, it is the "rule rather than the exception [that attorney's fees] should be awarded routinely" to the prevailing party in cases brought under the Copyright Act.  As a result, Defendants are entitled to recover the $46,065.59 in attorney's fees and costs incurred in defending against and defeating Plaintiff's copyright infringement claims.

The Lanham Act (17 U.S.C. §1117(a) permits the recovery of attorney's fees by a prevailing defendant when the plaintiff bringing and prosecuting the action fails to act in good faith.  Here, Plaintiff's actions (both before and after the filing of this lawsuit) demonstrates Plaintiff's blatant bad faith in filing and prosecuting this action.  Plaintiff's motivation in bringing this action had little to do with the

---

merits or protecting its intellectual property.  Rather the true aim of this suit was to harass the Defendants and cause undue burden and expense.  As a result, Defendants are entitled to recover the $268,533.51 in attorney's fees and costs incurred in defending against and defeating Plaintiff's trade dress infringement claim.

The attorney's fees and costs sought herein are reasonable and fair, both in the total sought and the hourly rates charged by Buchalter attorneys, given the claims alleged in this action, the potential exposure and the complexity of the issues presented.

## IV.    FACTUAL BACKGROUND

Plaintiff filed this action on February 19, 2015.  Defendants filed a motion to dismiss Plaintiff's complaint on April 2, 2015. See Docket No. 8.   In response, Plaintiff a first amended complaint on April 23, 2015.  Docket No. 12.  Thereafter, Defendants filed a motion to dismiss Plaintiff's first amended complaint. Defendants' motion was based, in part, on Plaintiff's failure to plead sufficient facts to support its claim of trade dress and Plaintiff's failure to plead sufficient facts alleging a basis upon which Defendant AG Global was the successor to FHI Heat, Inc. See Docket No. 16.   In denying the motion, the Court noted that Plaintiff's allegation "made after receiving a Rule 11 admonishment, that AG is a successor company to FHI Heat, Inc." was sufficient at that stage to avoid

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

3

dismissal.

On February 17, 2016 Defendants moved for summary judgment on all claims alleged in Plaintiff's first amended complaint.    The Court granted that motion and entered judgment in favor of Defendants on April 5, 2016.

Defendants have incurred $314,599.07 in recoverable attorney's fees and costs in defending against Plaintiff's claims.  Of this amount, $46,065.59 is allocated to the copyright claims; $268,533.51 is allocated to Plaintiff's trade dress claims.  Defendants do not seek a recover of the $33,990.05 in attorney's fees and costs allocated to Plaintiff's breach of contract claim, but includes it here for the sake of completeness.[1]

## V.    **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(2) permits a prevailing party in a civil action to seek the recovery of attorney's fees and nontaxable expenses by motion. The motion must state the statute, rule, or other grounds upon which the motion is based.  Here, Defendants' are entitled to their fees and costs incurred in this action

---

[1] For the purposes of this Motion, Defendants have allocated the attorney's fees and costs incurred in this matter. First, attorney's fees and costs that are directly allocated to either the copyright claims or trade dress claim were assigned to each claim as appropriate.  This includes fees spent exclusively on tasks related to the aforementioned claims and costs directly attributed to one claim, such as Defendants' expert witness, which were assigned to the trade dress claim exclusively.  Next, Defendants combined all attorney's fees and costs not capable of direct allocation to a particular claim.  This includes fees and costs incurred on motion practice activities, propounding and responding to discovery and other non-claim specific tasks.  Finally, in order to allocate the undesignated attorney's fees and costs, Defendants assigned a percentage to each of the claims, and multiplied that percentage by the unallocated attorney's fees and costs to approximate the portion of the unallocated attorney's fees and costs assignable to each claim.  To determine the applicable percentages, Defendant divided the number of pages in Defendants motion for summary judgment devoted to argument on each claim by the total number of pages in the argument section of the motion.  This resulted in the following percentages: Trade dress claim – 61% (8.5 of 14 pages; Copyright claim – 21% (3 of 14 pages); and breach of contract claim – 18% (2.5 of 14 pages).  For a full breakdown of the allocation, see supporting Declaration of Matthew Seror, ¶¶ 4-12.

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

pursuant to applicable provisions of The Copyright Act (15 U.S.C. § 505) and The

Lanham Act (17 U.S.C. §1117(a)).

## A.     STANDARD FOR AWARDING ATTORNEY'S FEES AND COSTS UNDER THE COPYRIGHT ACT

Section 505 of the Copyright Act provides that in any civil action:

"[T]he court in its discretion may allow the recovery of full costs by or

against any party other than the United States or an officer thereof. Except as

otherwise provided by this title, the court may also award a reasonable attorney's

fee to the prevailing party as part of the costs."

Where a defendant is granted summary judgment dismissing a copyright

infringement claim the defendant is the prevailing party within the meaning of

section 505. See *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151 (3d Cir. 1986) (denial

of attorney's fees to defendant who prevailed on summary judgment reversed).

While an award of attorney's fees and costs is within the discretion of the

District Court, in the Fifth Circuit, it is the "rule rather than the exception [that

attorney's fees] should be awarded routinely" to the prevailing party in copyright

cases. *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir.

1994); *see also Hogan Systems, Inc. v. Cybersource Int'l, Inc.*, 158 F.3d 319, 325-

26 (5th Cir. 1998).  In *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534 (1994) the

Supreme Court cited with approval the nonexclusive list of factors that courts

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

should consider in making an award of attorney's fees under the Copyright Act, including: (1) the frivolousness of the claim or defenses asserted; (2) the motivations of the non-prevailing party; (3) the objective unreasonableness (in both the legal and factual components of the case); and (4) the need to advance considerations of compensation and deterrence.  See *Fogerty, supra*, 510 U.S. at 534, n. 19.  The Supreme Court in *Kirtsaeng v. John Wiley & Sons, Inc.* recently approved the use of the four *Fogerty* factors in evaluating a request for attorney's fees under the Copyright Act. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. __ (2016).

While the frivolousness of a parties position is a factor, the Court need not determine that a lawsuit was frivolous in order to award attorney's fees to a prevailing defendant. See *Lieb*, 788 F.2d at 155 ("We think that limiting assessments to those cases where bad faith is shown unduly narrows the discretion granted to the district judges.").

## B.   STANDARD FOR AWARDING ATTORNEY'S FEES AND COSTS UNDER THE LANHAM ACT

17 U.S.C. § 1117(a) provides that in action under the Lanham Act a district court "in exceptional cases may award reasonable attorney fees to the prevailing party."  In determining whether a prevailing defendant is entitled to an award of attorney's fees and costs under the Lanham Act, the relevant inquiry is whether the

plaintiff acted in good faith in bringing and prosecuting the action. *Procter &*
*Gamble Co. v. Amway Corp.*, 280 F.3d 519, 527-8 (5th Cir. 2002). In evaluating
whether the plaintiff acted in good faith courts should "consider the merits and
substance of the civil action when examining the plaintiffs' good or bad faith." *Id.*

## VI.   ARGUMENT

## A.   DEFENDANTS SHOULD BE AWARDED THEIR FEES AND COSTS IN DEFENDING THE COPYRIGHT INFRINGEMENT CLAIMS UNDER THE COPYRIGHT ACT

Here, an award of attorney's fees and costs incurred in defense of Plaintiff's
copyright infringement claims is warranted and supported by the factors set forth
in *Fogerty*. As a result, Defendants request they be award $46,065.59 in attorney's
fees and costs incurred in connection with defending and ultimately prevailing on
Plaintiff's copyright infringement claims.

### 1.   Plaintiff's Copyright Infringement Claims Were Frivolous

Plaintiff's copyright infringement claims were frivolous and completely
devoid of merit. Plaintiff's original compliant (Docket No. 1) asserted
infringement claims prior to Plaintiff obtaining or applying for copyright
registration certificates. It was only after Defendants filed a motion to dismiss the
copyright claims on this basis did Plaintiff apply for copyright registrations.

With respect to Subject Image No. 1 and 2 (as the Court ruled in granting

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

7

summary judgment) Plaintiff copied the images at issue from third party sources and thus did not own any rights in the images copyrighted.  Plaintiff similarly did not own any rights in the Subject Photograph that served as the basis for an infringement claim.

The unreasonableness of Plaintiff's positions is evidenced by the intentional misrepresentations Plaintiff included on its copyright registration applications for the works at issue.  On each registration application Plaintiff represents that it is the **author** of each work in question – a representation that Plaintiff's witnesses directly contradicted.  The applications similarly fail to disclose the preexisting materials copied by the Plaintiff in "creating" the works at issue.  As a result of Plaintiff's continued prosecution of its baseless copyright infringement claims, Defendants were forced to take the depositions of two separate witnesses Plaintiff designated as persons most knowledgeable on the copyright claims (Darlene Allison and Sonia Ramirez), and move for summary adjudication.

## 2. Plaintiff's Had Improper Motives in Bringing its Copyright Infringement Claims

Plaintiff's motivation in bringing its copyright infringement claims is questionable at best.  It appears that Plaintiff's true motivation was to increase the litigation costs to the Defendants with frivolous claims.  See *Baker v. Urban Outfitters, Inc.* 431 F.Supp. 2d 351, 357 (S.D.N.Y. 2006) ("[I]mproper motivation

in bringing a lawsuit or other bad faith conduct weighs heavily in favor of an award of costs and fees.") aff'd, 249 Fed.App'x 845 (2d Cir. 2007).

During the pendency of this case Plaintiff conceded it was not seeking monetary damages but rather only injunctive relief on its copyright infringement claims.  But, this too was unnecessary because (as Plaintiff was keenly aware as it prosecuted the action) Defendants had already removed the allegedly infringing images and agreed to not use them in the future.  Nevertheless, Plaintiff continued to prosecute its infringement claims.

### 3.   The Positions Taken by Plaintiff on its Copyright Claims Were Objectively Unreasonable

The prosecution of copyright infringement claims on images for which one owns no protectable rights is unreasonable under any standard, thereby entitling Defendants to recover their attorney's fees and costs. See *Spear Mktg. v. BancorpSouth Bank*, 2016 U.S. Dist. LEXIS 5078, citing *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997) (prevailing defendants awarded fees where plaintiff forced defendant to defend against 'objectively unreasonable' claims for which there was no evidence.")

Plaintiff admitted at deposition that it did not create the two social media images which were the subject of its copyright claims, but rather that they were copied from public domain sources and passed off as Plaintiff's own original work.

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

9

With respect to the Subject Photograph, the undisputed evidence clearly showed that Plaintiff has no rights the image and never did.  Plaintiff's frivolous attempt to bring the image within the work for hire doctrine was flatly rejected by in the Order granting Defendant's motion.

The unreasonableness of Plaintiff's positions is further evidenced by the material misrepresentations Plaintiff included on its copyright registration applications, discussed above in Section VI., A., 1.

**4.      An Award of Fees Advances the Interests of Deterrence and Compensation**

As the Supreme Court held in *FogertyError! Bookmark not defined., supra*, ("'the expense of any litigation [sic] is considerable…. It is increasingly recognized that the person who forces another to engage counsel to vindicate, or defend, a right should bear the expense of such engagement.'" *Fogerty , supra*, 510 U.S. at 529 quoting W. Strauss, Damage Provisions of the Copyright Law, Study No. 31 (H. Judiciary Comm. Print 1960).

In this case, an award of attorney's fees and costs both compensates Defendant for having to bear the burden of defending itself against baseless and unmeritorious copyright infringement claims and also serves as a deterrent to Plaintiff, and those similarly situated, who might be tempted to use the judicial system for the purposes of hampering a competitor in the marketplace.  Absent

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

such a deterrent, a large corporation could be incentivized to stamp out its competition not in the open market, but in the courtroom through vexatious and fabricated lawsuits.

**B.**    **THE AWARD OF ATTORNEY'S FEES AND COSTS UNDER LANHAM ACT**

The Lanham Act, at 17 U.S.C. §1117(a), provides that "The court in exceptional cases may award reasonable attorney fees to the prevailing party." In determining whether a prevailing defendant is entitled to an award of attorney's fees and costs under the Lanham Act, the relevant inquiry is whether the plaintiff acted in good faith in bringing and prosecuting the action (considering the merits & substance of the action). *Procter & Gamble Co., supra,* 280 F.3d at 527-8.

**1.**    **Plaintiff Brought the Action in Bad Faith and For an Improper Purpose**

Defendants are entitled to an award of their attorney's fees and costs incurred in defending Plaintiff's trade dress claim because Plaintiff brought its claim in bad faith. Plaintiff's true motivation in bringing this lawsuit became transparent as this case progressed. Plaintiff filed this action in an attempt to cripple a competitor by forcing it to incur hundreds of thousands of dollars in legal fees to defend a sham trade dress infringement claim and interfere with its business. Plaintiff's bad faith is undeniable, as demonstrated by the following: (1)

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

at the time the lawsuit was filed Plaintiff was unaware of any instances of confusion as between Plaintiff's products and Defendant's; (2) following the Defendant's successful launch of its "Stylus" product, Plaintiff's Senior Vice President of North American Sales pressured BSG (one of the largest distributors in the hair tool industry) to stop carrying the Stylus; and (3) just weeks before the filing of the lawsuit, and following the successful launch of the Stylus, Plaintiff's president (Farouk Shami) confronted Gulamani at a trade show, accused him of stealing his iron and threatened to sue him and physically assault him.

      i.    <u>No Instances of Confusion</u>

Trademark (and trade dress) rights exist to combat consumer confusion. Indeed, to prevail on a claim of trademark (or trade dress), the plaintiff must prove a likelihood of confusion among consumers.  Here, Plaintiff was not aware of a <u>single instance</u> of confusion at the time it filed this action.  This is despite Plaintiff and Defendant co-existing in the marketplace for a significant period of time. During discovery, and in connection with its opposition to Defendants' motion for summary judgment, Plaintiff identified only <u>one instance</u> of confusion that occurred in March 2015 – the month **after** this lawsuit was filed.  See Feldshon Deposition, attached as Exhibit 3 to Seror Declaration, 77:4-105:16.  Even this single purported instance of confusion was neither credible nor admissible – the evidence constituted triple hearsay, for which Plaintiff offered no exceptions, and

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff had no evidence documenting the purported confusion (or even showing an investigation of the alleged incident of confusion).   Indeed, Plaintiff's conduct upon learning of this instance of confusion defies logic.  According to Plaintiff it learned of this one and only instance of confusion one month in to this lawsuit. One would expect Plaintiff to carefully document this incident, as it would provide evidentiary support of its recently filed lawsuit.  Instead, Plaintiff did not investigate the basis for the confusion, or the store location where the confusion allegedly occurred.  See Feldshon Depo., 83:24-84:17; 85:15-86:9; 87:4-15; and 88:14-89:20; Nor did Plaintiff confirm the instance of confusion in any writing.  In fact, Plaintiff failed to even get the name of the woman who was allegedly confused – thereby preventing itself (and Defendants in this case) from exploring the basis for the confusion and investigating further.  See Feldshon Depo., 87:4-15; 87:22-88:7.

Plaintiff's filing of this suit in the complete absence of any confusion, coupled with its behavior once it was made aware of the one and only instance of confusion, is indicative of the notion that Plaintiff did not bring this lawsuit to prevail, to prove its case or protect its trade dress.  Rather, Plaintiff saw this litigation as an anti-competitive tool, aimed at interfering with Defendants' business.

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

ii.   Plaintiff's Communications with BSG Regarding

Defendants is Also Indicative of Bad Faith

Further indicative of Plaintiff's bad faith are Plaintiff's efforts to convince

BSG, one of two major distributors in the hair tool industry, to cease the

distribution of Defendant's products.  Plaintiff's efforts to pressure BSG were

confirmed by Stuart Feldshon, Plaintiff's Senior Vice President of North American

Sales.  At his deposition, Mr. Feldshon testified that he personally spoke with BSG

and tried to convince BSG to stop carrying Defendants' products.  See Feldshon

Depo, 121:25-125:18; 126:4-130:17; 126:18-23; 128:11-129:1; and 130:18-133:4.

When Mr. Feldshon's efforts were unsuccessful and BSG continued to carry

Defendants' Stylus, Plaintiff commenced this action.

Mr. Feldshon's efforts to cripple Defendants by cutting off a significant

distribution channel is further indicative of Plaintiff's true motivations in bringing

this suit.

iii.   Confrontation Between Farouk Shame and Gulamani

Direct interactions between Plaintiff's President Farouk Shami, and

Gulamani, AG Global's President and a defendant himself, further evidence the

nefarious motives in play here.

Just weeks before this lawsuit was filed, and following the successful launch

of AG Global's Stylus product, Mr. Shami was verbally abusive to Gulamani at a

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

trade show in a crowded lobby.  In a confrontation witnessed by a number of people, Mr. Shami yelled at Gulamani, accusing Gulamani of "stealing" Farouk's designs and threatening to "beat the shit out of you".  In addition, Mr. Shami threatened to sue Gulamani, yelling that Farouk would, "sue your ass, you queer." See Gulamani Declaration, attached as Exhibit A.   This confrontation, and Mr. Shami's abusive and threatening statements (sans homophobic slurs) were confirmed by Mr. Shami himself in deposition. See Shami Deposition Transcript, attached as Exhibit 3 to the Seror Dec., at 209:2-215:4.

As evidence of his admitted conduct, Mr. Shami, and by extension Plaintiff, were obviously angered by the successful launch of Defendants' "Stylus" product, and they carried through on their threats to sue Defendants without a shred of evidence to support this action.

## 2.   **Plaintiff's Trade Dress Infringement Claim Lacked All Merit and Substance**

As the Court noted in its order granting Defendants' summary judgment motion, Plaintiff's red and black color combination is not entitled to trade dress protection.  In addition to Plaintiff's usage being too inconsistent to qualify for protection, Plaintiff was unable to establish that its red and black color combination had achieved secondary meaning.

Indeed, Plaintiff failed to offer any competent evidence sufficient to even

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

15

raise a triable issue of fact as to secondary meaning.  Plaintiff failed to even offer a

survey addressing secondary meaning, which is widely considered by courts to be

the most important and relevant factor in assessing secondary meaning.   The

meager evidence that Plaintiff did attempt to rely on was inaccurate and unreliable.

For example, Plaintiff offered sales records for products that it alleged contained

its red and black color combination despite the fact that the documents clearly

indicated that the items shown were **not** red and black.  Similarly, Plaintiff argued

that its advertising activities weighed in favor of a finding of secondary meaning,

but then failed to offer any of the advertisements in support of its position that the

advertisements even pictured products that included the red and black color

combination.

In sum, Plaintiff's trade dress infringement claim lacked all merit and

Plaintiff did not even attempt to offer this most basic, foundational evidence in

support of its claim.

## C.    <u>COST BILL</u>

In addition to the instant motion for attorney's fees and nontaxable costs,

concurrently herewith Defendants filed their cost bill for taxable costs pursuant to

Federal Rule of Civil Procedure 54(d).  There is strong presumption under Rule

54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins.*

*Co.,* 465 F.3d 578, 586 (5th Cir. 2006).  There are two categories of costs included

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

in Defendants' cost bill, the cost of printed or electronic recorded transcripts and costs for the making of copies used in the case.

### 1.   Costs of Deposition Transcripts

Defendants served three deposition notices during discovery: (1) one for the deposition of Farouk Shami, Plaintiff's president; (2) Plaintiff's corporate witness(es) on a variety of topics; (3) Plaintiff's retained expert, Michael Barone. In response to Defendants' person most knowledgeable deposition notice, Plaintiff produced a total of six deponents on the following topics: Darlene Allison (Plaintiff's copyright registration); Sonia Ramirez (Plaintiff's use of its alleged copyrighted images); Zaily Aladanay (Plaintiff's marketing and advertising activities and Plaintiff's products that bear its alleged trade dress); Stuart Feldshon (Instances of actual confusion and Plaintiff's distribution channels for its products); Lisa Marie Garcia (Plaintiff's marketing and advertising activities); Radhasaran Patel (Plaintiff's sales of products bearing its alleged trade dress and the amount spent of advertising and marketing these products).

Each deposition taken was focused on specific aspects of Plaintiff's claims, and were therefore all necessary in preparation for trial. Indeed, between Defendants' motion for summary judgment and Plaintiff's opposition to same, the testimony of each witness was cited and relied upon.

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

**2.**   **Copies**

Defendants also seek the recovery of the costs of copies that were necessary for the defense of this action.  Here, the need for color copies was all the more necessary given the nature of Plaintiff's claims and the specific red and black color combination being the basis for Plaintiff's claims.

## VII.   CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant its motion and award it $314,599.07 in attorney's fees and costs in addition to those costs included in Defendants' Bill of Costs.

DATED:  August 18, 2016

**BUCHALTER NEMER**
A Professional Corporation

**By:** _____/s/_____
        ROBERT S. ADDISON, JR.
        State Bar No. 00793232
        S.D. Texas Bar No. 2589959
        1000 Wilshire Boulevard, Suite 1500
        Los Angeles, CA  90017-2457
        Telephone: (213) 891-0700
        Fax: (213) 896-0400
        Email:  raddison@buchalter.com
        Attorneys for Defendants

        AG GLOBAL PRODUCTS, LLC and
        SHAUKY GULAMANI

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

**OF COUNSEL**

MARK J. LEVINE
State Bar No. 00791102
S.D. Bar No. 20021
Weycer, Kaplan, Pulaski & Zuber, A P.C.
11 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Fax: (713) 961-5341
Email: mlevine@wkpz.com

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**

BN 21491839v1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record via electronic mail on this 18th day of August, 2016.

Chris Hanslik (chanslik@boyarmiller.com)
Andrew Pearce (apearce@boyarmiller.com)
Chris James (cjames@boyarmiller.com)
BoyarMiller
4265 San Felipe Road, Suite 1200
Houston, Texas 77027

/s/ Matthew Seror_____
Matthew Seror

---

**DEFENDANTS' RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS**