United States District Court
Southern District of Texas
**ENTERED**
October 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAROUK SYSTEMS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-0465 |
| | § | |
| AG GLOBAL PRODUCTS, LLC d/b/a | § | |
| FHI HEAT LLC, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Attorney's Fees and Costs ("Motion for Fees") [Doc. # 62] filed by Defendants AG Global Products, LLC d/b/a FHI Heat LLC ("AG") and Shauky Gulamani, to which Plaintiff Farouk Systems Inc. ("Farouk") filed a Response [Doc. # 66], and Defendants filed a Reply [Doc. # 67]. Having carefully reviewed the full record and governing legal authorities, the Court **grants** the Motion for Fees.

### I. BACKGROUND

Farouk and AG both manufacture and sell hair care products. Farouk Shami is the founder of Farouk. Gulamani was the President of Farouk until 2010, when he resigned and became President and Chief Executive Officer of AG.

Farouk markets many of its hair care appliances under the trademark CHI. Farouk uses various red and black color combinations on many of its CHI products. AG sells a heated hair brush under the name "Stylus" that is black with a red oval along the edge of the handle. Farouk alleged in this case that AG's use of the red and black color scheme constituted trade dress infringement. Farouk alleged also that AG and Gulamani posted images on the Internet that constitute copyright infringement.

By Memorandum and Order [Doc. # 51] entered April 5, 2016, the Court granted summary judgment in Defendants' favor. Taxable costs in the amount of $14,929.67 were assessed against Farouk.

Farouk filed a Notice of Appeal [Doc. # 56]. Prior to the deadline for filing its appellant's brief, Farouk dismissed its appeal voluntarily.

After the dismissal of Farouk's appeal, Defendants renewed their Motion for Fees that had previously been denied without prejudice pending appeal. Defendants seek to recover $46,065.56 in attorney's fees incurred in connection with the copyright infringement claim,[1] and $268,533.51 in fees incurred in connection with

---

[1] In the Motion for Fees, Defendants state that they seek to recover attorneys' fees in the amount of $46,065.59 on the Copyright Act claim. This appears to be a typographical error. The evidence supporting the claim reflects $46,065.56 as the amount incurred on the Copyright Act claim, and the total amount referenced in the Motion for Fees is $314,599.07, indicating that $46,065.56 is the correct amount for
(continued...)

the trade dress claim. Defendants do not seek to recover fees incurred in connection with Farouk's breach of contract claim. Farouk in its Response objects to an award of fees, but does not challenge the reasonableness of the amount requested. The Motion for Fees has been fully briefed and is now ripe for decision.

## II.   REQUEST FOR FEE AWARD UNDER COPYRIGHT ACT

The Copyright Act provides that a district court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Although the district court has broad leeway under § 505 to determine whether to award fees, the Supreme Court has established several guidelines for the Court. A district court may not simply award fees as a matter of course but, instead, must make a case-by-case assessment. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). Additionally, the district court "may not treat prevailing plaintiffs and prevailing defendants any differently." *See Kirtsaeng v. Wiley*, __ U.S. __, 136 S. Ct. 1979, 1985 (June 16, 2016) (citing *Fogerty*, 510 U.S. at 527). The district court should give "substantial weight to the objective reasonableness of the losing party's position," but must also "give due consideration to all other circumstances relevant to granting fees." *Id.* at 1983. The "other circumstances" include "frivolousness, motivation, objective

---

[1]     (...continued)
        the Copyright Act claim.

unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1985 (quoting *Fogerty*, 510 U.S. at 534 n.19). "[I]n any given case, a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones)." *Id.* at 1988. Based on an individualized assessment of this case, the Court exercises its discretion under § 505 to award Defendants their attorneys' fees incurred in defending against Plaintiff's Copyright Act claim.

Plaintiff alleged that AG copied two images from Farouk's Facebook page and that Gulamani posted a photograph of himself on his personal LinkedIn home page. The Court gives substantial weight to the objective unreasonableness of Farouk's position in connection with these allegations in the copyright infringement claim. As noted in the Court's Memorandum and Order granting summary judgment for Defendants, it was undisputed that Farouk created the two images on its Facebook page by copying a quotation and images from Shutterstock, a provider of royalty-free images. In Image No. 1, the Farouk employee combined an unaccredited quotation with images of a comb, scissors, and brush from Shutterstock. In Image No. 2, the Farouk employee combined a quote from Picasso with a banner reading "Snips of Wisdom" and the image of a pair of scissors. Even if the images were copyrightable compilations, the copyright protection extended only to the original material

contributed by the Farouk employee, not to the preexisting material borrowed from other sources.  *See* 17 U.S.C. § 103(b).  It was undisputed that each of the elements of Image No. 1 was copied from another source, and it was obvious that AG's version of Image No. 1 was not a copy of Farouk's Image No. 1.  In Image No. 2, the original elements added by a Farouk employee were the "Snips of Wisdom" and the image of the scissors.  It is readily apparent from comparing the images that neither of these elements is included in the allegedly infringing image used by AG.  Farouk's position that AG infringed any protected copyright in Images No. 1 and No. 2 was objectively unreasonable, and was unsupported by a comparison of the images and by clearly established legal authority.

With reference to the photograph of Gulamani that he posted on his personal LinkedIn profile page, there was no evidence that Farouk possessed a valid copyright for the photograph.  It was undisputed that the photograph was taken of Gulamani by a third-party photographer.  Farouk neither asserted nor presented evidence that the photographer transferred his rights to the photograph to Farouk in a written assignment as required by 17 U.S.C. § 204(a).  Farouk's position that it held a protectable copyright interest in the photograph because it was taken while Gulamani was employed by Farouk was objectively unreasonable.  It is clear that the "work for hire" provision of the Copyright Act grants copyright protection under certain

circumstances to an employer where the *person creating the work* is an employee. *See* 17 U.S.C. § 201(b). There is no similar provision where the *subject* of the work, not the creator of the work, is the employee.

In addition to giving substantial weight to the objective unreasonableness of Farouk's position on its copyright infringement claim, the Court has considered other circumstances relevant to the fee award decision. Farouk's position on the copyright claim was not only objectively unreasonable, it was frivolous. A basic comparison of Farouk's Images No. 1 and No. 2 with the accused images used by Defendants demonstrated clearly that there was no copyright infringement. Farouk's assertion that the "work for hire" provision of the Copyright Act granted it a copyright for the photograph taken of Gulamani by an independent, third-party photographer was likewise frivolous under clear copyright law.

Additionally, Defendants have presented evidence and the Court finds that Farouk had an improper motive for filing this lawsuit against Gulamani, Farouk's former President and current competitor. Defendants presented evidence of animosity between Gulamani and Farouk's founder and current President Farouk Shami that was so intense that Shami confronted and threatened Gulamani at a trade show.

Based on an individualized assessment of this case, giving substantial weight to the objective unreasonableness of Plaintiff's Copyright Act claim but also giving

due consideration to other relevant circumstances, the Court exercises its discretion under § 505 to award Defendants their reasonable attorneys' fees incurred in connection with the copyright infringement claim.

### III. REQUEST FOR FEE AWARD FOR TRADE DRESS CLAIM

Under the Lanham Act, the district court "in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a); *Baker v. DeShong*, 821 F.3d 620, 622 (5th Cir. 2016). "[A]n exceptional case is one where (1) in considering both governing law and the facts of the case, the case stands out from others with respect to the substantive strength of a party's litigating position; or (2) the unsuccessful party has litigated the case in an "unreasonable manner." *Baker*, 821 F.3d at 625 (citing *Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2016)). The district court determines whether a case is exceptional "in the case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Id*. The movant is required to demonstrate the case's exceptional nature by a preponderance of the evidence, not by clear and convincing evidence. *Id.* at 624.

The Court, considering the governing law and the facts of this case, finds that this is an exceptional case warranting an award of attorneys' fees incurred by Defendant in connection with Plaintiff's trade dress claim. Plaintiff claimed that its

use of the red and black color combination on its hair stying appliances was protectable trade dress. As discussed in the Court's Memorandum and Order granting summary judgment for Defendants, Farouk's use of the red and black color combination was not used consistently as required for trade dress protection. *See* Memorandum and Order, pp. 10-11.

Moreover, Farouk failed to present evidence that its red and black color combination had acquired secondary meaning. *See id.* at 12-16. Importantly, Farouk offered no consumer-survey evidence and offered no explanation for its decision not to do so. Defendants' unchallenged consumer-survey evidence demonstrated that only 5.9% of the 723 individuals interviewed in the survey associated a red and black color combination with any one hair care company. Of those who associated the red and black color combination with a single company, most associated the color combination with Revlon or some other company. Indeed, only 1.7% of respondents identified CHI/Farouk as the source of red and black hair styling products.

Additionally, as noted above, Defendants have presented evidence that Farouk filed this lawsuit not to protect its red and black trade dress but, instead, to harass Gulamani and AG, and to cause them to expend significant time and resources defending against the frivolous claim. At the time the lawsuit was filed, Plaintiff had no information that any consumers had been confused by the use of red and black on

AG's "Stylus" product and the use of red and black on any Farouk product. Yet prior to filing this lawsuit, Farouk attempted to coerce a large distributor of hair styling appliances not to carry AG's "Stylus" product. When that effort failed, Farouk Shami confronted Gulamani at a trade show and threatened to sue him if AG continued to market the "Stylus" product.

The substantive weakness of Plaintiff's trade dress claim causes this case to stand out from other trade dress cases. Based on this substantive weakness, coupled with the evidence of improper motive, the Court finds that this is an exceptional case and exercises its discretion to award Defendants their reasonable fees incurred in defense of the trade dress claim.

## IV.   CONCLUSION AND ORDER

Defendants have demonstrated entitlement to recover the fees they incurred in connection with Plaintiff's copyright and trade dress infringement claims. The Court finds that the fees requested are reasonable and, indeed, Farouk does not argue otherwise. As a result, it is hereby

**ORDERED** that Defendants' Motion for Fees [Doc. # 62] is **GRANTED**. It is further

**ORDERED** that Defendants shall recover from Plaintiff their reasonable and necessary attorneys' fees in the amount of **$46,065.56** incurred in connection with the

Copyright Act claim and **$268,533.51** incurred in connection with the trade dress infringement claim under the Lanham Act.

SIGNED at Houston, Texas, this **14th** day of **October, 2016.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE